## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

PROSERV REMOVAL, INC. on behalf of itself    :         **CIVIL ACTION**
and all others similarly situated,           :
                                         :
     Plaintiff            :
                                         :
   vs**.**                       :         **DOCKET NO.**
                                         :
                                         :         **JURY TRIAL DEMANDED**
                                         :
CRYSTEEL MANUFACTURING, INC.,                :         **CLASS ACTION**
                                         :
    Defendant.           :

## CLASS ACTION COMPLAINT

### INTRODUCTION

1.      This is a class action lawsuit brought by Plaintiff, Proserv Removal, Inc., on its own behalf and on behalf of a nationwide Class of 1-800-GOT-JUNK franchisees who were required to purchase defective truck bodies from Defendant, Crysteel Manufacturing, Inc.

2.      This action arises from Defendant's failure, despite their longstanding knowledge of the problem, to disclose to Plaintiff and other franchisee consumers that their truck bodies were defectively designed and/or manufactured in such a way that predisposed them to premature rusting and corrosion resulting in very serious and expensive damage to the truck bodies.

3.      This action also arises from Defendant's failure and refusal to uphold its promised warranties regarding the truck bodies, including, but not limited warrantying each product against defects in material, workmanship, and paint for sixty (60) months from in-service date at 100% coverage in the first thirty-six (36) months and at 50% coverage for the next twenty-four (24) months.

4.      The truck bodies are uniformly and inherently defective in design, and prematurely fail under normal operating conditions in advance of their expected useful life.

5.      Upon information and belief, Defendant has been aware for years of the true nature and cause of the problem in the truck bodies.  This knowledge is evidenced by widespread complaints submitted directly to Defendant about the truck body problem from Class members who have complained about this very issue to Defendant.

6.      Many owners of the truck bodies have had to repair or replace their truck bodies, thereby incurring costly repairs and/or replacements as needed to return the truck body to expected operating condition.

7.      Defendant has directly benefited from the defective design and failure to uphold its warranty promises by collecting money from franchisees for the truck body and denying payment when warranty claims are submitted.

## PARTIES

8.      Plaintiff, Proserv Removal, Inc. (hereinafter "Proserv"), is a corporation duly organized and existing under the laws of Pennsylvania with a principal place of business at 668 Stony Hill Road, Suite 154 in Yardley, PA 19067.

9.      As part of Plaintiff's business as a 1-800-GOT-JUNK franchisee, it has purchased numerous truck bodies from Defendant.

10.     Defendant, Crysteel Manufacturing, Inc. ("Crysteel"), is a corporation duly organized and existing under the laws of Minnesota, having a principal place of business at 52182 Ember Road, Lake Crystal, Minnesota 56055-2388.  Crysteel engages in continuous and substantial business throughout the United States, and more specifically within the District in which this Court is situated, and is a well known seller of truck bodies.

11.     Crysteel has an agreement with 1-800-GOT-JUNK, the franchisor, such that it is the exclusive vendor for 1-800-GOT-JUNK truck bodies (hereinafter "Truck Bodies") for 1-800-GOT-JUNK franchises nationwide.

12.     Crysteel issues a warranty delivered with each new Truck Body, and it is responsible for the design, manufacture, sale and distribution of the Truck Body.

## VENUE

13.     Jurisdiction and venue are properly vested in this Court because a substantial portion of the acts, events, and/or failure to act giving rise to the claims alleged herein occurred in this judicial district.

14.     This action is brought pursuant to the Class Action Fairness Act, 28 U.S.C.§1332 (CAFA). Jurisdiction is vested in this Court in that the amount in controversy exceeds $5,000,000, exclusive of interests and costs, and this is a proposed nationwide class action in which more than two-thirds of the proposed plaintiff class, on the one hand, and Defendant, on the other, are citizens of different states.

15.     Venue is proper in this District under 28 U.S.C. § 1391(a)(1), because Plaintiff is "domiciled" in this jurisdiction, both parties conduct business in this District and the significant events giving rise to this case took place in this District.

## FACTUAL ALLEGATIONS

16.     Defendant, Crysteel, per an exclusive vendor agreement with franchisor 1-800-GOT-JUNK, designs, manufactures, sells and distributes all 1-800-GOT-JUNK truck bodies. Per the exclusive vendor agreement, all 1-800-GOT-JUNK franchisees such as Plaintiff, Proserv, are required to purchase their truck bodies from Crysteel.

17.    Crysteel has been and continues to be the exclusive vendor of 1-800-GOT-JUNK truck bodies up to and continuing through the present day.

18.    At the time of purchase, along with a purchase sales agreement, Crysteel provides 1-800-GOT-JUNK franchisees directly with an express warranty for each of the purchased Truck Bodies.

19.    At all times relevant hereto, Crysteel expressly warranted the Truck Bodies for three (3) years at one-hundred percent (100%) coverage and the next two (2) years at fifty percent (50%) coverage.

20.    At the onset and for a time up to three (3) years after the Truck Bodies original sale, the written warranty expressly touted by Defendants to be "the most comprehensive warranty in the industry" warrantied each product against "defects in material, workmanship, and paint." (See express warranty attached hereto in Appendix A).

21.    Crysteel's express warranty explicitly states that it covers Crysteel manufactured products with "defects in material, workmanship and paint for 60 months from in-service date." *Id.*

22.    Despite this express warranty, the Truck Bodies manufactured for the supply of 1-800-GOT-JUNK franchises contain a critical and inherent manufacturing and design flaws which creates constant potential for and eventual significant rust and corrosion.

23.    The previously described significant rust and corrosion can and does lead to significant repair costs as well as innate structural instability and eventual structural failure of the Truck Body during normal operation of the vehicle during the warranty period.

24.    This significant premature rusting and corrosion has been affecting the Truck Bodies since Crysteel began as the exclusive vendor and continues through the present day. Upon

information and belief, Crysteel has had actual and or constructive notice of the premature rusting and corrosion issue since the aforementioned earliest affected date evidenced by the communications described below.

25.     This corrosion/rust issue has been the subject of vast discussions by telephone, mail, electronic mail (e-mail) and in person amongst 1-800-GOT-JUNK franchisees internally as well as discussions with Defendant itself.  Upon information and belief, the defendant has actual and constructive notice of such corrosion and rust issues through 1-800-GOT-JUNK franchisees as well as 1-800-GOT-JUNK.

26.     Upon information and belief, no matter the amount of diligent care and routine maintenance, the Truck Bodies still experience significant premature rusting and corrosion and related issues.

27.     Furthermore, a vast amount of warranty claims regarding premature rusting and corrosion have been submitted directly to Crysteel without any recourse taken by Defendant.

28.     To the contrary, on or about May 7, 2019, Crysteel covertly attempted to revise the express warranty provided with the Truck Bodies to specifically exclude the express warranty coverage of "Corrosion, scaling, and/or delamination of materials due to normal use in a vocational setting" and "paint damage due to normal use."

29.     Plaintiff, Proserv, as well as members of the Class expressly rejected this alteration in Crysteel's express warranty.

30.     Even following actual and constructive notice of the problem which affects all of the Truck Bodies manufactured by Crysteel, Defendant has failed to remedy the issue or offer replacements for their unfit and potentially dangerous Truck Bodies as promised by the aforementioned express warranty.

31.    Inasmuch as the defendant has warranted that the Truck Bodies are fit for their usual uses, the proclivity for structural failure, specifically premature corrosion and rust affecting the Truck Bodies should trigger repairs or replacement under defendant's warranty.

32.    Upon information and belief, defendant has not undertaken any repair or replacement of any Truck Body experiencing premature rust and corrosion, nor has defendant made any payment to any franchisee to furnish the repair and/or replacement of any Truck Body experiencing premature rust and corrosion.

## TOLLING

33.    Any applicable statute(s) of limitations have been tolled because the defect is latent and not detectable until manifestation, Plaintiff and the Class were not reasonably able to discover the problem until sometime after purchase and installation of the Truck Bodies, despite their exercise of due diligence.

34.    Defendant had a duty to inform Plaintiff and the Class of the defect described herein of which it had widespread knowledge of at the time of sale.  Defendant's failure to document or disclose the known defects in its products, and its concealment of known defects from Plaintiff and Class Members, constitutes fraudulent concealment that equitably tolls the applicable statute(s) of limitation.

35.    The facts concealed and/or not disclosed by Defendant to Plaintiff and the Class Members are material facts in that a reasonable person would have considered those facts to be important in deciding whether or not to purchase the Truck Bodies as well as the price to pay for the Truck Bodies had Plaintiff and the Class Members known of the defective nature of the Truck Bodies they would not have purchased them or would have paid significantly less for them.

## CLASS ACTION ALLEGATIONS

36.    Plaintiff brings this action as a class action pursuant to Fed.R.Civ.P. 23(b)(3) on behalf of itself and all similarly situated individuals.   The Class on behalf of which it brings this action is defined as follows:

> All 1-800-GOT-JUNK Franchisees within the United States and its territories who purchased a Crysteel manufactured 1-800-GOT-JUNK truck body.

37.    Although the exact number of Class Members is uncertain and can only be ascertained through appropriate discovery, the Class is numerous that the joinder of all members is impracticable. According to 1-800-GOT-JUNK's website there is at least one 1-800-GOT-JUNK franchise in every state with the majority of states having multiple franchises in multiple cities across the state. (https://www.1800gotjunk.com/us_en/locations).  The Class is comprised of an easily ascertainable, self-identifying set of entities that are 1-800-GOT-JUNK franchisees.

38.    There are numerous questions of law and fact common to Plaintiffs and the Classes, including the following:

a.    Whether the Truck Bodies at issue are defective in their design and/or manufacturing;

b.    The nature and extent of any design and/or manufacturing defect;

c.    The effect on the value of any truck body with such a design and/or manufacturing defect;

d.    The point at which Defendant knew or should have known of the design and/or manufacturing defect;

e.    The point at which Defendant should have known of the design defect;

f.    Whether Defendant knowingly failed to disclose the design and/or manufacturing defect in the Truck Bodies;

g.    Whether the design and/or manufacturing defect affecting the Truck Bodies constitutes a breach of the implied warranty of merchantability and of the express warranty made by the Defendant;

h.    Whether Defendant was unjustly enriched by selling the Truck Bodies with the design and/or manufacturing defect alleged herein;

i.    Whether the design and/or manufacturing defect affecting Defendant's Truck Bodies constitutes a violation of the Magnuson-Moss Warranty Improvement Act;

j.    Whether members of the Class, under the express warranty, are entitled to the replacement value of the defectively designed and/or manufactured Truck Bodies;

k.    Whether members of the Class, under the express warranty, are entitled to have their truck bodies repaired by Defendant free of cost or are entitled to receive the full reimbursement for independent, third-party repairs of the Truck Bodies;

39.    The claims of the Plaintiff are typical of the claims of the Class.  As with all members of the Class, Plaintiff purchased at least one of the Truck Bodies for its 1-800-GOT-JUNK franchise and have been damaged by Defendant's uniform misconduct.

40.    Plaintiff will fairly and adequately assert and protect the interests of the Class because:

a.    Plaintiff has retained counsel experienced in the prosecution of class action litigation, who will adequately represent the interests of the Class;

b.    Plaintiff and its counsel are aware of no conflicts of interest between plaintiff and absent Class members or otherwise;

c.    Plaintiff has or can acquire adequate financial resource to assure that the interests of the Class will not be harmed; and

d.    Plaintiff is knowledgeable concerning the subject matter of this action and intends to vigorously prosecute this litigation.

41.    A class action provides the most fair, efficient and appropriate method for adjudicating this controversy, because:

a.  Common questions of law or fact predominate over any questions affecting only individual members. The flaw at issue in this litigation is a flaw which impacts every single Truck Body manufactured by Defendant. Every member of the Class is affected by this and there are no individual issues which predominate over the Class-wide questions of law and fact which exist in this controversy. No significant questions of law or fact that might affect only individual members exist that cannot be managed through effective Sub-Class definitions, jury interrogatory modifications or otherwise, consistent with sound judicial management, due process of law and fundamental fairness to the defendant and the Class;

b.  The individual members of the Class do not have any significant interest in prosecuting individual actions or controlling the prosecution of individual actions. The costs and issues involved in the litigation of the issues involved herein would be so prohibitively high with respect to the relief which might be available in any individual case that it would not be economically efficient for any member of the Class to proceed on an individual basis. Moreover, the prosecution of separate actions by individual members of the Class would create a risk of inconsistent or varying adjudications with respect to individual Class members which would not only present the defendant with incompatible standards of conduct, but which might potentially prejudice individual Class members, in that separate actions by individual members of the Class would effectively result in findings of fact in the first individual action tried being accorded collateral estoppel effect in later actions;

c.  Plaintiff is aware of no litigation already commenced by a member of the Class involving the same issues presented in this action;

d.  The difficulties which are likely to be encountered in the management of this class action are slight in comparison to other controversies which have been brought as Class actions, since the controversy is the same with respect to every Class member, and issues of individual conduct or action are not likely to arise. In the event any issues arise which do not apply equally to all members of the Class, these issues may be effective and readily managed through the creation of subclasses of individual members, jury interrogatory modifications or otherwise, consistent with sound judicial management, due process of law and fundamental fairness to the defendant and the Class.

## <u>COUNT I</u>
### Breach of Implied Warranty of Merchantability

42.  Plaintiff and the Class repeat and incorporate herein by reference each and every

paragraph of this Class Action Complaint as though set forth in full in this cause of action.

43.     Defendant is a merchant who sold Truck Bodies to Plaintiff and members of the Class for use in their 1-800-GOT-JUNK franchise.

44.     Defendant impliedly warranted to Plaintiffs and members of the Class that Defendant's truck bodies were merchantable, specifically that the Truck Bodies were free of defects and fit for the ordinary purpose for which such goods are used, including for junk removal.

45.     As alleged herein, Defendant's sales of the Truck Bodies breached the implied warranty of merchantability because they were latently defective and developed extensive and unsolvable rust and corrosion.  The Truck Bodies are therefore defective, unmerchantable, and unfit for the ordinary, intended purpose at the time of sale.  The Truck Bodies develop extensive and unsolvable rust and corrosion due to the defect or defects that plague them.

46.     As a direct and proximate result of the breach of said warranties, Plaintiff and Class members were injured, and are entitled to damages.

47.     Plaintiff and Class members have complied with all obligations under the warranty, or otherwise have been excused from performance of said obligations as a result of Defendant's conduct described herein.

**WHEREFORE,** Plaintiff and the Class respectfully pray for the following relief:

a.     An Order certifying the Class as defined above and appointing the undersigned as counsel for the Plaintiff and the Class pursuant to Fed.R.Civ.P. 23;

b.     Final injunctive relief compelling the defendant to pay the Plaintiff and each Class member the value of their defective Truck Body or, in the alternative, institute a recall pursuant to which the Truck Bodies will be repaired, at no cost to the Plaintiff or Class Members;

c.     A judgment or declaration finding that Defendant's Truck Bodies violate the implied warranty of merchantability, the express warranties which apply to the minivans.

d.    An award of punitive damages as allowed under any applicable cause of action asserted herein;

e.    An award of attorney fees as allowed under any applicable cause of action herein or as allowed by the Court; and

f.    Any other appropriate legal or equitable relief as deemed fair and just by the Court under the circumstances.

## COUNT II
### Breach of Express Warranty

48.    Plaintiff and the Class repeat and incorporate herein by reference each and every paragraph of this Class Action Complaint as though set forth in full in this cause of action.

49.    Defendant expressly warranted that the Truck Bodies were of good quality, free of defects, and, at a minimum, would actually work properly.

50.    Defendant breached this warranty by selling to Plaintiff and Class members the Truck Bodies which are not of good quality and fail prematurely due to extensive rust and corrosion problems.

51.    Defendant's breach of this warranty caused damages to Plaintiff and Class members.

52.    Plaintiff and Class members have complied with all obligations under the warranty, or otherwise have been excused from performance of said obligations as a result of Defendant's conduct described herein.

**WHEREFORE,** Plaintiff and the Class respectfully pray for the following relief:

a.    An Order certifying the Class as defined above and appointing the undersigned as counsel for the Plaintiff and the Class pursuant to Fed.R.Civ.P. 23;

b.    Final injunctive relief compelling the defendant to pay the Plaintiff and each Class member the value of their defective Truck Body or, in the alternative, institute a recall pursuant to which the Truck Bodies will be repaired, at no cost to the Plaintiff or Class Members;

11

c.      A judgment or declaration finding that Defendant's Truck Bodies violate the implied warranty of merchantability, the express warranties which apply to the minivans.

d.      An award of punitive damages as allowed under any applicable cause of action asserted herein;

e.      An award of attorney fees as allowed under any applicable cause of action herein or as allowed by the Court; and

f.      Any other appropriate legal or equitable relief as deemed fair and just by the Court under the circumstances.

**COUNT III**
**Unjust Enrichment**

53.     Plaintiff and the Class repeat and incorporate herein by reference each and every paragraph of this Class Action Complaint as though set forth in full in this cause of action.

54.     Plaintiff and Class Members conferred a tangible economic benefit upon Defendant by purchasing the Truck Bodies.  Plaintiff and Class Members would have expected remuneration from the Defendant at the time this benefit was conferred had they known that the Truck Bodies within the Vehicles would rust and corrode prematurely ultimately resulting in their failure.

55.     Failing to require Defendant to provide remuneration under these circumstances would result in it being unjustly enriched at the expense of Plaintiff and the Class.

56.     Defendant was and continues to be unjustly enriched at the expense of Plaintiff and Class members.  This unjust enrichment was beyond any of Defendant's contractual rights.

57.     Defendant's retention (without an offsetting return payment) of the benefit conferred upon them by Plaintiff and members of the Class would be unjust and inequitable.

**WHEREFORE,** Plaintiff and the Class respectfully pray for the following relief:

a.      An Order certifying the Class as defined above and appointing the undersigned as counsel for the plaintiff and the Class pursuant to Fed.R.Civ.P. 23;

b.    Final injunctive relief compelling the defendant to pay the plaintiff and each Class member the value of their defective Windstar minivan or, in the alternative, institute a recall pursuant to which the defect will be repair, at no cost to the plaintiff or the Class member;

c.    A judgment or declaration finding that Defendant's Truck Bodies violate the implied warranty of merchantability, the express warranties which apply to the minivans.

d.    An award of punitive damages as allowed under any applicable cause of action asserted herein;

e.    An award of attorney fees as allowed under any applicable cause of action herein or as allowed by the Court; and

f.    Any other appropriate legal or equitable relief as deemed fair and just by the Court under the circumstances.

## COUNT IV
### Violations of State Consumer Protection Laws

58.    Plaintiff and the Class repeat and incorporate herein by reference each and every paragraph of this Class Action Complaint as though set forth in full in this cause of action.

59.    Defendant's conduct complained of herein constitutes acts, uses or employment by Crysteel of unconscionable commercial practices, deception, fraud, false pretenses, false promises, misrepresentations and/or knowing concealment, suppression, or omission of material facts with the intent that Plaintiff and that Class would rely upon such concealment, suppression or omission in connection with the sale, lease, marketing and advertisement.  Defendant's conduct herein is an unfair practice that has the capacity to, and did, deceive Plaintiff and the Class into believing that they were purchasing or leasing a truck body that was free from defects, including premature rusting and corrosion.

60.    All of this conduct alleged herein occurred in the course of Defendant's business. Defendant's conduct is part of a pattern or generalized course of conduct repeated on thousands of occasions.

61.    As a direct and proximate result of the Defendant's misrepresentations, Plaintiff and the Class members have suffered an ascertainable loss and are entitle to relief, in an amount to be determined at trial.

62.    All 50 states and the District of Columbia have enacted statutes to protect consumers against unfair deceptive or fraudulent business practices, unfair competition and/or false advertising.  At all relevant times, such statutes were in effect in each state or territory where the Defendant does business or places its products into the stream of commerce.

63.    Defendant's actions, as complained of herein, constitute unfair competition or unfair, unconscionable, deceptive or fraudulent acts of practice in violation of various state consumer protection statues listed below:

a.    Defendant has engaged in unfair competition or unfair or deceptive acts or practices in violation of Ala. Code 8-19-1 *et seq.*;

b.    Defendant has engaged in unfair competition or unfair or deceptive acts or practices in violation of Alas. Code 45.50.471 *et seq.*;

c.    Defendant has engaged in unfair competition or unfair or deceptive acts or practices in violation of Ariz. Code 44-1522 *et seq.*;

d.    Defendant has engaged in unfair competition or unfair or deceptive acts or practices in violation of Ark. Code 4-88-101 *et seq.*;

e.    Defendant has engaged in unfair competition or unfair or deceptive acts or practices in violation of the California Unfair Competition Law, Cal. Bus. & Prof. Code 17200 *et seq.*, the California False Advertising Law, Cal. Bus. & Prof. Code 17500 *et seq.*, and the California Consumer Legal Remedies Act., Cal. Civ. Code 1750, *et seq.*

f.    Defendant has engaged in unfair competition or unfair or deceptive acts or practices in violation of Colo. Code 6-1-105 *et seq.*;

g.    Defendant has engaged in unfair competition or unfair or deceptive acts or practices in violation of Conn. Gen. Stat.  42-110b *et seq.*;

h.    Defendant has engaged in unfair competition or unfair or deceptive acts or practices in violation of 6 De. Stat. Code 2511 *et seq.*;

i.      Defendant has engaged in unfair competition or unfair or deceptive acts or practices in violation of D.C. Code 28-3901 *et seq.*;

j.      Defendant has engaged in unfair competition or unfair or deceptive acts or practices in violation of Fla Stat. 501.201 *et seq.*;

k.      Defendant has engaged in unfair competition or unfair or deceptive acts or practices in violation of Ga. Stat. 10-1-392 *et seq.*;

l.      Defendant has engaged in unfair competition or unfair or deceptive acts or practices in violation of Haw. Rev. Stat. 480 *et seq.*;

m.      Defendant has engaged in unfair competition or unfair or deceptive acts or practices in violation of Idaho Code 48-601 *et seq.*;

n.      Defendant has engaged in unfair competition or unfair or deceptive acts or practices in violation of 815 ILCS 505/1 *et seq.*;

o.      Defendant has engaged in unfair competition or unfair or deceptive acts or practices in violation of Ind. Code Ann. 24-5-0.5-1 *et seq.*;

p.      Defendant has engaged in unfair competition or unfair or deceptive acts or practices in violation of Iowa Code 714.1b *et seq.*;

q.      Defendant has engaged in unfair competition or unfair or deceptive acts or practices in violation of Kan. Stat. 50-623 *et seq.*;

r.      Defendant has engaged in unfair competition or unfair or deceptive acts or practices in violation of Ky. Rev. Stat. 367.110 *et seq.*;

s.      Defendant has engaged in unfair competition or unfair or deceptive acts or practices in violation of La. Rev. Stat. 51:1401 *et seq.*;

t.      Defendant has engaged in unfair competition or unfair or deceptive acts or practices in violation of 5 Me. Rev. Stat. 207 *et seq.*;

u.      Defendant has engaged in unfair competition or unfair or deceptive acts or practices in violation of Md. Code, Com. Law 13-101 *et seq.*;

v.      Defendant has engaged in unfair competition or unfair or deceptive acts or practices in violation of Mass Gen. L. Ann. 93A *et seq.*;

w.      Defendant has engaged in unfair competition or unfair or deceptive acts or practices in violation of Mich. Stat. 445.901 *et seq.*;

x.      Defendant has engaged in unfair competition or unfair or deceptive acts or practices in violation of Minn. Stat. 325F.67 *et seq.*;

y.      Defendant has engaged in unfair competition or unfair or deceptive acts or practices in violation of Miss. Code Ann. 75-24-1 *et seq.*;

z.      Defendant has engaged in unfair competition or unfair or deceptive acts or practices in violation of Vernon's Mo. Rev. Stat. 407.010 *et seq.*;

aa.     Defendant has engaged in unfair competition or unfair or deceptive acts or practices in violation of Mont. Code 30-14-101 *et seq.*;

bb.     Defendant has engaged in unfair competition or unfair or deceptive acts or practices in violation of Neb. Rev. Stat. 59-1601 *et seq.*;

cc.     Defendant has engaged in unfair competition or unfair or deceptive acts or practices in violation of Nev. Rev. Stat. 598.0903 *et seq.*;

dd.     Defendant has engaged in unfair competition or unfair or deceptive acts or practices in violation of N.H. Rev. Stat. 358-A:1 *et seq.*;

ee.     Defendant has engaged in unfair competition or unfair or deceptive acts or practices in violation of N.M. Stat. Ann. 57-12-1 *et seq.*;

ff.     Defendant has engaged in unfair competition or unfair or deceptive acts or practices in violation of N.J. Stat. Ann. 56:8-1 *et seq.*;

gg.     Defendant has engaged in unfair competition or unfair or deceptive acts or practices in violation of N.Y. Gen. Bus. Law 349 *et seq.*;

hh.     Defendant has engaged in unfair competition or unfair or deceptive acts or practices in violation of N.C. Gen. Stat. 75-1.1 *et seq.*;

ii.     Defendant has engaged in unfair competition or unfair or deceptive acts or practices in violation of N.D. Cent. Code 51-15-01 *et seq.*;

jj.     Defendant has engaged in unfair competition or unfair or deceptive acts or practices in violation of Ohio Rev. Code 1345.01 *et seq.*;

kk.     Defendant has engaged in unfair competition or unfair or deceptive acts or practices in violation of 15 Okla. Stat. tit. 751  *et seq.*;

ll.     Defendant has engaged in unfair competition or unfair or deceptive acts or practices in violation of Or Rev. Stat. 646.605 *et seq.*;

mm.     Defendant has engaged in unfair competition or unfair or deceptive acts or practices in violation of R.I. Gen. Laws. 6-13.1-1 *et seq.*;

nn.     Defendant has engaged in unfair competition or unfair or deceptive acts or practices in violation of S.C. Code Laws 39-5-10 *et seq.*;

oo.    Defendant has engaged in unfair competition or unfair or deceptive acts or practices in violation of S.D. Code Laws 37-24-1 *et seq.*;

pp.    Defendant has engaged in unfair competition or unfair or deceptive acts or practices in violation of Tenn. Code 47-18-101 *et seq.*;

qq.    Defendant has engaged in unfair competition or unfair or deceptive acts or practices in violation of Tex. Bus. Com. Code 17.41 *et seq.*;

rr.    Defendant has engaged in unfair competition or unfair or deceptive acts or practices in violation of Utah Code Ann. 13-1-1 *et seq.*;

ss.    Defendant has engaged in unfair competition or unfair or deceptive acts or practices in violation of 9 Vt. Stat. Ann. Tit. 2451 *et seq.*;

tt.    Defendant has engaged in unfair competition or unfair or deceptive acts or practices in violation of Va. Code 59.1-196 *et seq.*;

uu.    Defendant has engaged in unfair competition or unfair or deceptive acts or practices in violation of Wash. Rev. Code 19.86.010 *et seq.*;

vv.    Defendant has engaged in unfair competition or unfair or deceptive acts or practices in violation of W.Va. Code 46A-6-101 *et seq.*;

ww.    Defendant has engaged in unfair competition or unfair or deceptive acts or practices in violation of Wis. Stat. 100.20 *et seq.*; and,

xx.    Defendant has engaged in unfair competition or unfair or deceptive acts or practices in violation of Wyo. Stat. 40-12-101 *et seq.*

64.    Plaintiff and the proposed Class were injured by Defendant's conduct.  As a direct and proximate result of Defendant's unfair methods of competition and unfair or deceptive acts or practices, Plaintiff and the proposed Class have suffered actual economic losses by, among other things, paying for the Truck Bodies at artificially inflated prices.  Plaintiff and the proposed Class members are entitled to damages, treble damages, restitution, disgorgement and/or such orders or judgments as may be necessary to restore to any person in interest, any money which may have been acquired by means of such unfair practices and to the relief set forth below.

**WHEREFORE,** Plaintiff and the Class respectfully pray for the following relief:

a.     An Order certifying the Class as defined above and appointing the undersigned as counsel for the Plaintiff and the Class pursuant to Fed.R.Civ.P. 23;

b.     Final injunctive relief compelling the defendant to pay the Plaintiff and each Class member the value of their defective Truck Body or, in the alternative, institute a recall pursuant to which the Truck Bodies will be repaired, at no cost to the Plaintiff or Class Members;

c.     A judgment or declaration finding that Defendant's Truck Bodies violate the implied warranty of merchantability, the express warranties which apply to the minivans.

d.     An award of punitive damages as allowed under any applicable cause of action asserted herein;

e.     An award of attorney fees as allowed under any applicable cause of action herein or as allowed by the Court; and

f.     Any other appropriate legal or equitable relief as deemed fair and just by the Court under the circumstances.

### COUNT V
### Fraud

65.     Plaintiff and the Class repeat and incorporate herein by reference each and every paragraph of this Class Action Complaint as though set forth in full in this cause of action.

66.     Defendant's made material misrepresentations and omissions concerning a presently existing or past fact.  For example, Defendant did not fully and truthfully disclose to its customers the true nature of the inherent design and/or manufacturing defect with the Truck Bodies, which was not readily discoverable until after purchase.  As a result, Plaintiff and the other Class Members were fraudulently induced to purchase the Truck Bodies with the said design and/or manufacturing defects and all of the resultant issues

67.     These omissions and statements were made by Defendant with knowledge of their falsity, and with the intent that Plaintiff and Class members rely on them.

68.     Plaintiff and Class members reasonably relied on these statements and omissions, and suffered damages as a result.

**WHEREFORE,** Plaintiff and the Class respectfully pray for the following relief:

a.     An Order certifying the Class as defined above and appointing the undersigned as counsel for the Plaintiff and the Class pursuant to Fed.R.Civ.P. 23;

b.     Final injunctive relief compelling the defendant to pay the Plaintiff and each Class member the value of their defective Truck Body or, in the alternative, institute a recall pursuant to which the Truck Bodies will be repaired, at no cost to the Plaintiff or Class Members;

c.     A judgment or declaration finding that Defendant's Truck Bodies violate the implied warranty of merchantability, the express warranties which apply to the minivans.

d.     An award of punitive damages as allowed under any applicable cause of action asserted herein;

e.     An award of attorney fees as allowed under any applicable cause of action herein or as allowed by the Court; and

f.     Any other appropriate legal or equitable relief as deemed fair and just by the Court under the circumstances.

## COUNT VI
### Negligent Misrepresentation

69.     Plaintiff and the Class repeat and incorporate herein by reference each and every paragraph of this Class Action Complaint as though set forth in full in this cause of action.

70.     Defendant negligently provided Plaintiff and Class members with false information. Specifically, Defendant negligently made incorrect statements concerning the quality of the Truck Bodies and negligently failed to disclose or reveal the known defects regarding premature rusting and corrosion.  Contemporaneously, Defendant made numerous affirmative representations about the quality of its Truck Bodies.

71.    Plaintiff and Class members justifiably relied on these negligent representations and omissions.

**WHEREFORE,** Plaintiff and the Class respectfully pray for the following relief:

a.    An Order certifying the Class as defined above and appointing the undersigned as counsel for the Plaintiff and the Class pursuant to Fed.R.Civ.P. 23;

b.    Final injunctive relief compelling the defendant to pay the Plaintiff and each Class member the value of their defective Truck Body or, in the alternative, institute a recall pursuant to which the Truck Bodies will be repaired, at no cost to the Plaintiff or Class Members;

c.    A judgment or declaration finding that Defendant's Truck Bodies violate the implied warranty of merchantability, the express warranties which apply to the minivans.

d.    An award of punitive damages as allowed under any applicable cause of action asserted herein;

e.    An award of attorney fees as allowed under any applicable cause of action herein or as allowed by the Court; and

f.    Any other appropriate legal or equitable relief as deemed fair and just by the Court under the circumstances.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, on behalf of himself and members of the Class, respectfully requests that this Court:

1.    Determine that the claims alleged herein may be maintained as a class action under Rule 23 of the Federal Rules of Civil Procedure, and issue an order certifying the Class as defined above;

2.    Appoint Plaintiff as the representative of the Class and their counsel as Class counsel;

3.    Award all actual, general, special, incidental, statutory, punitive, and consequential damages to which Plaintiff and Class members are entitled;

4.     Award pre-judgment and post-judgment interest on such monetary relief;

5.     Grant appropriate injunctive and/or declaratory relief, including, without limitation, an order that requires Defendant to repair, recall, and/or replace the Truck Bodies or, at a minimum, to provide Plaintiff and Class members with appropriate curative notice regarding the existence and cause of the design defect;

6.     Award reasonable attorney's fees and costs; and

7.     Grant such further relief that this Court deems appropriate.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands trial by jury to the full extent permitted by law.

**Respectfully submitted,**

Dated:  May 18, 2020

*/s/ Richard M. Golomb*
Richard M. Golomb, Esquire
Kenneth J. Grunfeld, Esquire
David Rosenfeld, Esquire
**GOLOMB & HONIK, P.C.**
1835 Market Street, Suite 2900
Philadelphia, PA 19103
Phone: (215) 985-9177
Fax:    (215) 985-4169
Email: rgolomb@golombhonik.com
        kgrunfeld@golombhonik.com
        drosenfeld@golombhonik.com

*Attorneys for Plaintiffs and the Putative Class*